UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS JONES, et al.,

    Plaintiffs,

v.

PUYALLUP TRIBE, et al.,

    Defendants.

CASE NO. 3:22-CV-5222-DGE

ORDER TO FILE IFP APPLICATIONS AND AMENDED COMPLAINT

The District Court has referred Plaintiffs' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

On April 6, 2022, Plaintiffs Marcus Jones, Charles Jones, and Tom Jones filed a proposed civil complaint and Marcus[1] filed an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1, 1-1. Charles and Tom did not file applications to proceed IFP.

---

[1] The Court will refer to the plaintiffs by their first names to avoid confusion.

1     **Standard for Granting Application for IFP.**  The district court may permit indigent

2 litigants to proceed IFP upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. §

3 1915(a).  However, the court has broad discretion in denying an application to proceed IFP.

4 *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover,

5 "[w]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed *in forma*

6 *pauperis* unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, 2018

7 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018).

8     **Application to Proceed IFP.**  Marcus filed an application to proceed IFP. Dkt. 1. He

9 states he is employed, but does not make any money. *Id*. Marcus also states he has $840 in his

10 savings account. *See* Dkt. 7, p. 1. Charles and Tom have not filed applications to procced IFP.

11 Therefore, at this time, the Court cannot determine if Plaintiffs qualify for IFP status. To proceed

12 with this action, Marcus, Charles and Tom must each file their own application to proceed IFP.

13     **Review of the Complaint.**  While this case cannot proceed until the Court has received

14 IFP applications from each Plaintiff, the Court has reviewed the proposed complaint. Because

15 Plaintiffs filed this proposed complaint *pro se*, the Court has construed the pleadings liberally

16 and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police*

17 *Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, which is difficult to

18 decipher, Plaintiffs have stated no allegations or claims against the Defendants. *See* Dkt. 1-1.

19     ***Sua Sponte* Dismissal – Standard on Rule 12 (b).**  Pursuant to Fed. R. Civ. P. 12(b), a

20 case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal

21 jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

22 failure to state a claim upon which relief can be granted; and (7) failure to join a party under

23 Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is

24

clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, the proposed complaint does not contain a short, plain statement showing Plaintiffs are entitled to relief. Dkt. 1-1. In fact, as stated above, the proposed complaint does not include any claims for relief or any statement of facts. *Id*. Therefore, Plaintiffs are ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order. The amended complaint should contain a single complaint that includes a short, plain statement explaining the claims in this action.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

As the proposed complaint is devoid of any factual allegations or claims the Court cannot determine if an amendment can cure the defects of the proposed complaint. Therefore, the Court will allow Plaintiffs leave to amend. However, if Plaintiffs do not file separate IFP applications

1  and an amended complaint that complies with this Order on or before May 6, 2022 the Court will
2  recommend dismissal of this action.

3  **Decision on Application to Proceed IFP.** A district court may deny leave to proceed *in
4  forma pauperis* at the outset if it appears from the face of the proposed complaint that the action
5  is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting
6  *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above
7  analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to defer
8  ruling on Marcus's Application to Proceed IFP.

9  **Conclusion.** Accordingly, the Court is hereby deferring ruling on Marcus's Application
10 to Proceed IFP and Plaintiffs are ordered to file applications to proceed IFP and the proposed
11 amended complaint on or before May 6, 2022.

12 Dated this 13th day of April, 2022.

David W. Christel
United States Magistrate Judge